Golia, J.
(concuring in part and dissenting in part and voting to dismiss the appeal from the order and affirm the final judgment). At the outset, I note that I agree with the majority that the appeal from the order must be dismissed.
Although I disagree with the majority’s penultimate determination that the occupant Audrey Clemons has standing to raise a defense to this nonpayment proceeding, I am in accord with the remainder of its decision.
My colleagues hold that the courts do not have jurisdiction to determine claims as to succession rights. Consequently, their finding that Ms. Clemons’ claim to succession rights cannot be deemed established at this juncture is in accordance with the rule of law. I agree.
Despite these findings, the majority holds that the occupant, Ms. Clemons, has established a “colorable” claim to such succession rights and therefore has standing to assert a tenant of record’s defense to this nonpayment proceeding.
I do not agree that Ms. Clemons has established a “colorable” claim to succeed to the rights of the tenant of record, who has allegedly disappeared. In fact, Ms. Clemons was specifically not given any rights at the time her mother died and only entered upon the sole and limited occupancy in the subject premises as *54 the guardian of Mr. Nathaniel Goode during his period of “infancy.” It should be noted that Mr. Goode is the adopted son of Ms. Clemons’ mother.
Consequently, I am more in accord with the holding of the Appellate Division of the First Department in 54 Featherco v Correa (251 AD2d 23 [1998]) in which they hold that an occupant has no standing to defend a nonpayment proceeding.
Rios and Belen, JJ., concur; Golia, J.E, concurs in part and dissents in part in a separate memorandum.